IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIE POPE, #168 968, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:14-CV-400-MEF |
| | )                [WO] |
| ANNIE M. ADAMS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Plaintiff alleges a denial of access to courts. He claims he has been denied access to vital documents needed to challenge the constitutionality of his conviction. It appears from the complaint and supporting documents that Plaintiff seeks records associated with a conviction entered against him by the Circuit Court for Jefferson County which is in Birmingham, Alabama. Birmingham, Alabama, is within the jurisdiction of the United States District Court for the Northern District of Alabama.

Upon review of the factual allegations in the complaint, the court concludes this case should be transferred to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1404.[1]

---

[1] Plaintiff's complaint is not accompanied by either the requisite filing fee or a motion in support of a request for leave to proceed *in forma pauperis*. The assessment and collection of any filing fee, however, should be undertaken by the United States District Court for the Northern District of Alabama.

## I.  DISCUSSION

A civil action filed by an inmate under authority of 42 U.S.C. § 1983 "may be brought . . . in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).  The law further provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought . . ." 28 U.S.C. § 1404(a).

A review of the allegations in the complaint reflects the actions about which Plaintiff complains primarily occurred within the jurisdiction of the United States District Court for the Northern District of Alabama.  Although Defendants Kerr and Murray reside in the Middle District of Alabama, it appears from Plaintiff's recitation of the facts that a majority of pertinent witnesses and evidence associated with this case are located in the Northern District of Alabama. Thus, the court concludes from the face of the complaint the proper venue for this cause of action is the United States District Court for the Northern District of Alabama.[2]

---

[2] In so ruling, this court does not preliminarily scrutinize the merits of Plaintiff's complaint against the named parties.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404.  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **June 30, 2014**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions

of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 16th day of June, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE